IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HAMID BANAYAN<br>457 Burkard Avenue<br>Williston Park, NY 11596 | : :<br>:<br>: | |
| Plaintiffs | :<br>: | |
| vs. | :<br>: | CIVIL ACTION - LAW<br>JURY TRIAL DEMAND |
| DAVID FELDPAUSCH<br>2035 Rives Eaton Road<br>Jackson, MI 49201<br>and<br>SERCOMBE TRUCKING, LLC<br>3001 Shirley Drive<br>Jackson, MI 49201 | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | |
| Defendant | : | No.: _____ |

## COMPLAINT

NOW COMES the Plaintiff, Hamid Banayan, by and through counsel, Abrahamsen, Conaboy & Abrahamsen, P.C., and hereby complains against the above referenced Defendants as follows:

**I.     PARTIES**

1.     The Plaintiff, Hamid Banayan, is an adult and competent individual and is a citizen of the State of New York with an address of 457 Burkard Avenue, Williston Park, New York.

2. The Defendant, David Feldpausch, upon information and belief, is an adult and competent individual and a citizen of the State of Michigan with an address of 2035 Rives Eaton Road, Jackson, Michigan.

3. The Defendant, Sercombe Trucking, LLC, upon information and belief, is a corporation and/or other business entity organized and existing under the laws of the State of Michigan with a principal place of business located at 3001 Shirley Drive, Jackson, MI 49201.

4. The Defendant, Sercombe Trucking, LLC, upon information and belief, regularly, continuously and systematically conducts business within the Commonwealth of Pennsylvania, including the Middle District of Pennsylvania.

5. At all times material and relevant hereto, upon information and belief, the Defendant, David Feldpausch, was the agent, servant, workman, contractor and/or employee of the Defendant, Sercombe Trucking, LLC and was acting within the course and scope of his agency and/or employment.

## II. JURISDICTION AND VENUE

6. The amount in controversy in this matter exceeds the sum of $75,000.00.

7. Jurisdiction exists within this Honorable Court pursuant to 28 U.S.C. § 1331 (a)(1) due to the fact that the matter in controversy exceeds the sum or value of $75,000.00 and is between citizens of different states.

8. Venue is proper in this Honorable Court pursuant to 28 U.S.C. § 1391

(b) as a substantial part of the events or omissions giving rise to this claim occurred in this district.

9. Venue is proper in this Honorable Court pursuant to 28 U.S.C. § 1391 (b) because the Defendant, Sercombe Trucking, LLC, upon information and belief, regularly conducts business within the Middle District of Pennsylvania.

### III. FACTUAL BACKGROUND

10. At all times material and relevant hereto, the Plaintiff, Hamid Banayan, was the operator of a 2019 Black Toyota 4Runner bearing a New York license plate number HSL8617.

11. At all times material and relevant hereto, the Defendant, David Feldpausch, was the operator of a 2016 Tractor Trailer bearing Michigan license plate number RB74459, which was owned by the Defendant, Sercombe Trucking, LLC.

12. On September 29, 2020, the Plaintiff, Hamid Banayan, while operating the aforementioned Toyota 4Runner, was lawfully stopped in the right shoulder of Interstate 80 East in Greentownship, Clinton County, Pennsylvania due to a previous motor vehicle accident that had closed the roadway to traffic.

13. While Plaintiff was lawfully stopped on the right shoulder of Interstate 80 East as referenced, his vehicle was violently struck in the rear by the tractor trailer owned by Defendant, Sercombe Trucking, LLC, and operated by Defendant, David Feldpausch.

14. Specifically, while the Plaintiff was lawfully stopped in traffic, the Defendant, David Feldpausch, operated his tractor trailer in such a careless, reckless and negligent manner in that he failed to stop his tractor trailer and, instead, forcefully struck the rear of Plaintiff's vehicle, pushing the Plaintiff forward into the vehicle stopped in front of Plaintiff's Toyota 4Runner.

15. As a result of the aforesaid motor vehicle collision the Plaintiff, Hamid Banayan, has suffered and continues to suffer serious and permanent personal injuries including, but not limited to, injuries to his cervical spine including multiple level disc herniations most significantly at C4-5 and C5-6, as well as significant injuries to his lumbar spine including multiple disc herniations most significantly at L5-S1, as well as a compression fracture at L1, together with neck pain, back pain, muscle spasms, a shock to his nerves and nervous system, as well as bruises and contusions about his body, all of which has caused him, and will continue to cause him, great pain, agony and suffering, both physical and mental for an indefinite time into the future.

16. As a further result of the aforesaid motor vehicle collision and injuries, the Plaintiff, Hamid Banayan, has been forced to undergo medical attention and treatment and will be required to undergo such treatment for an indefinite time into the future.

17. As a further result of the aforesaid motor vehicle collision and injuries,

the Plaintiff, Hamid Banayan, has been caused to expend, and will continue to expend for an indefinite time into the future, various and substantial sums of money for the medicine and medical attention necessary to treat the injuries that he has suffered, all to his detriment and loss.

18. As a further result of the aforesaid motor vehicle collision and injuries, the Plaintiff, Hamid Banayan, has been, and continues to be, and will continue for an indefinite time into the future, unable to go about his usual and daily occupations and routines, all to his detriment and loss.

19. As a further result of the aforesaid motor vehicle collision and injuries, the Plaintiff, Hamid Banayan, has been, and will be for an indefinite time into the future, forced to forego the pleasures of life, all to his detriment and loss.

20. As a further result of the aforesaid motor vehicle collision and injuries, the Plaintiff, Hamid Banayan, has suffered, and continues to suffer, and will continue to suffer for an indefinite time into the future, wage diminution, a loss of earnings, a lessening of his earning power and a lessening of his earning capacity, and he will continue to suffer such losses for an indefinite time into the future, all to his detriment and loss.

## COUNT I

## HAMID BANAYAN v. DAVID FELDPAUSCH

## NEGLIGENCE

21. Plaintiff incorporates herein by reference the averments contained in paragraphs one (1) through twenty (20) as though the same were fully set forth herein.

22. The aforesaid motor vehicle collision and resulting injuries were due to the negligent, careless, gross, wanton and reckless conduct of the Defendant, David Feldpausch, and in no way due to any negligent act or failure to act on the part of the Plaintiff.

23. The negligent, careless, gross, wanton and reckless conduct of the Defendant, David Feldpausch, consisted of the following:

   a. Failure to properly observe the roadway;
   b. Failure to maintain his vehicle so as to avoid a collision;
   c. Failure to maintain adequate control over his vehicle;
   d. Failure to take proper evasive action so as to avoid an accident;
   e. Failure to give warning of his approach;
   f. Operating his vehicle in a careless disregard for the safety of others in violation of 75 Pa. C.S.A. § 3714;
   g. Operating his vehicle at an unsafe speed for conditions then and there existing in violation of 75 Pa. C.S.A § 3361;
   h. Failure to operate, maintain and inspect and repair his vehicle in accordance with the applicable Federal Motor Carrier Safety Regulations and Pennsylvania's statutes and regulations;
   i. Operating his vehicle in violations of the rules and regulations of the Federal Motor Carrier Safety Regulations;
   j. Operating his vehicle in violations of the rules and regulations of the Federal Motor Carrier Act;

  k. Driving carelessly in violation of 49 C.F.R. § 396.2; and
  l. Driving his vehicle at a speed greater than what would allow him to stop without striking traffic in violation of 49 C.F.R. § 2.

24. The actions of the Defendant, David Feldpausch, and the failure of the Defendant, David Feldpausch, to take appropriate actions, constitute a reckless indifference to the risk of injury to the Plaintiff, Hamid Banayan, warranting an award of punitive damages.

WHEREFORE, the Plaintiff, Hamid Banayan, demands judgment against the Defendant, David Feldpausch, individually, as well as jointly and severely with Defendant, Sercombe Trucking, LLC, in an amount in excess of $75,000.00 together with interest, costs and punitive damages.

## COUNT II

## HAMID BANAYAN v. SERCOMBE TRUCKING, LLC

## NEGLIGENCE

25. Plaintiff incorporates herein by reference the averments contained in paragraphs one (1) through twenty-four (24) as though the same were fully set forth herein.

26. The aforesaid motor vehicle collision and resulting injuries were due to the negligent, careless, gross, wanton and reckless conduct of the Defendant, Sercombe Trucking, LLC, by and through its agents, servants, workmen and

employees including, but not limited to, David Feldpausch, and in no way due to any negligent act or failure to act on the part of the Plaintiff.

27. The negligent, careless, gross, wanton and reckless conduct of the Defendant, Sercombe Trucking, LLC, by and through the acts and/or omissions of the Defendant, David Feldpausch, who at all times relevant hereto was acting as the agents, servant, employee and/or workman of the Defendant, Sercombe Trucking, LLC, and was in the course and scope of such agency, service, employment and/or work at the time of this collision consisted of the following:

   a. Failure to properly observe the roadway;
   b. Failure to maintain his vehicle so as to avoid a collision;
   c. Failure to maintain adequate control over his vehicle;
   d. Failure to take proper evasive action so as to avoid an accident;
   e. Failure to give warning of his approach;
   f. Operating his vehicle in a careless disregard for the safety of others in violation of 75 Pa. C.S.A. § 3714;
   g. Operating his vehicle at an unsafe speed for conditions then and there existing in violation of 75 Pa. C.S.A § 3361;
   h. Failure to operate, maintain and inspect and repair his vehicle in accordance with the applicable Federal Motor Carrier Safety Regulations and Pennsylvania's statutes and regulations;
   i. Operating his vehicle in violations of the rules and regulations of the Federal Motor Carrier Safety Regulations;
   j. Operating his vehicle in violations of the rules and regulations of the Federal Motor Carrier Act;
   k. Driving carelessly in violation of 49 C.F.R. § 396.2; and
   l. Driving his vehicle at a speed greater than what would allow him to stop without striking traffic in violation of 49 C.F.R. § 2.

28. The negligent, careless, gross, wanton and reckless conduct of the Defendant, Sercombe Trucking, LLC, in its own right, consisted of the following:

a. Negligently entrusting a vehicle it owned to an incompetent driver who lacked sufficient, skill, judgment and prudence to safely operate a tractor trailer;
b. Failing to instruct the driver of its vehicle in the safe operation of the tractor trailer prior to entrusting him with the same;
c. Failing to prevent the driver of its tractor trailer from operating the vehicle until he had sufficient ability to operate the vehicle safely;
d. Failing to ascertain that the driver of the vehicle that it owned had the ability to safely operate the tractor trailer;
e. Failing to provide the driver of the tractor trailer that it owned with equipment necessary to safely operate the same;
f. Failing to operate, maintain, inspect and repair its vehicle in accordance with the applicable Federal Motor Carrier Safety Regulations, particularly 49 C.F.R. § 396.3, as well and applicable Pennsylvania statutes and regulations;
g. Operating its vehicle in violation of rules and regulations of the Federal Motor Carrier Safety Regulations;
h. Operating its vehicle in violation of the rules and regulations of the Federal Motor Carrier Act;
i. Failing to conduct a background check for the driving record of David Feldpausch as required by 49 C.F.R § 391 et. seq.;
j. Failing to properly supervise the Defendant, David Feldpausch, in the operation of its tractor trailer so as to ensure compliance with the Federal Motor Carrier Safety Regulations;
k. Failing to train its employee, David Feldpausch; and
l. Failing to retrain its employee, David Feldpausch, to take corrective action when David Feldpausch was involved in prior incidents with its tractor trailer.

29. The actions of the Defendant, Sercombe Trucking, LLC, and its failure to act, were outrageous and/or done willfully, wantonly and/or with reckless indifference to the rights of the public, including the Plaintiff, Hamid Banayan, warranting an award of punitive damages.

WHEREFORE, the Plaintiff, Hamid Banayan, demands judgment against the Defendant, Sercombe Trucking, LLC, individually, as well as jointly and severely with Defendant, David Feldpausch, in an amount in excess of $75,000.00 together with interest, costs and punitive damages.

        Respectfully Submitted,

        Abrahamsen, Conaboy & Abrahamsen, P.C.

By: _____
James J. Conaboy, Esquire
Attorney ID No.: 77987

1006 Pittston Avenue
Scranton, PA 18505
(570) 348-0200
jconaboy@law-aca.com