IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HAMID BANAYAN, | No. 4:22-CV-00264 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| DAVID FELDPAUSCH and SERCOMBE TRUCKING, LLC, | |
| Defendants. | |

**MEMORANDUM OPINION**

MAY 25, 2022

## I. BACKGROUND

On February 22, 2022, Plaintiff Hamid Banayan filed a two-count Complaint against Defendants David Feldpausch and Sercombe Trucking, LLC. This is a case of negligence predicated on this Court's diversity jurisdiction and brought under Pennsylvania law.

On March 22, 2022, Defendants moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and to strike pursuant to Federal Rule of Civil Procedure (12)(f). This motion is now ripe for consideration. For the following reasons, it is denied.

## II.     DISCUSSION

### A.     Motion to Dismiss Standard

Under Federal Rule of Civil Procedure 12(b)(6), the Court dismisses a complaint, in whole or in part, if the plaintiff has failed to "state a claim upon which relief can be granted." A motion to dismiss "tests the legal sufficiency of a claim"[1] and "streamlines litigation by dispensing with needless discovery and factfinding."[2] "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."[3] This is true of any claim, "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one."[4]

Following the Roberts Court's "civil procedure revival,"[5] the landmark decisions of *Bell Atlantic Corporation v. Twombly*[6] and *Ashcroft v. Iqbal*[7] tightened the standard that district courts must apply to 12(b)(6) motions.[8] These cases "retired" the lenient "no-set-of-facts test" set forth in *Conley v. Gibson* and replaced it with a more exacting "plausibility" standard.[9]

---

1   *Richardson v. Bledsoe*, 829 F.3d 273, 289 n.13 (3d Cir. 2016) (Smith, C.J.) (citing *Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 675 (7th Cir. 2001) (Easterbrook, J.)).
2   *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989).
3   *Id.* at 326 (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).
4   *Id.* at 327.
5   Howard M. Wasserman, *The Roberts Court and the Civil Procedure Revival*, 31 Rev. Litig. 313 (2012).
6   550 U.S. 544 (2007).
7   556 U.S. 662 (2009).
8   *Id.* at 670.
9   *Id.*

Accordingly, after *Twombly* and *Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[10]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11]  "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully."[12]  Moreover, "[a]sking for plausible grounds . . . calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [wrongdoing]."[13]

The plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[14]  No matter the context, however, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."[15]

When disposing of a motion to dismiss, the Court "accept[s] as true all factual allegations in the complaint and draw[s] all inferences from the facts alleged in the light most favorable to [the plaintiff]."[16]  However, "the tenet that a court must accept

---

[10]  *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).
[11]  *Id.*
[12]  *Connelly v. Lane Constr. Corp.*, 809 F.3d 780 (3d Cir. 2016) (Jordan, J.) (cleaned up).
[13]  *Twombly*, 550 U.S. at 556.
[14]  *Iqbal*, 556 U.S. at 679.
[15]  *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)).
[16]  *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008) (Nygaard, J.).

as true all of the allegations contained in a complaint is inapplicable to legal conclusions."[17] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[18]

As a matter of procedure, the United States Court of Appeals for the Third Circuit has instructed that:

> Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps. First, it must tak[e] note of the elements [the] plaintiff must plead to state a claim. Second, it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, [w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.[19]

**B.     Motion to Strike Standard**

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are decided on the pleadings alone and should not be granted unless the relevant insufficiency is "clearly apparent."[20] These motions "are disfavored and should be denied unless the allegations have no possible relation to the controversy, may cause prejudice to one of the parties, or confuse the

---

[17] *Iqbal*, 556 U.S. at 678 (internal citations omitted).
[18] *Id. See also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (Nygaard, J.) ("After *Iqbal*, it is clear that conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss.").
[19] *Connelly*, 809 F.3d at 787 (internal quotation marks and citations omitted).
[20] *Cipollone v. Liggett Group, Inc.*, 789 F.2d 181, 188 (3d Cir.1986).

issues."[21]  "Courts have required that the moving party demonstrate prejudice before the court will strike a pleading."[22]

### C. Analysis

#### 1. Motion to Dismiss

First, Defendants move to dismiss Banayan's punitive-damages claim.  But Banayan alleges that Defendants' vehicle was travelling so fact that it was unable to stop, which violated federal regulations.[23]  Banayan also alleges that Sercombe failed to properly monitor, train, and supervise its driver, Feldpausch.[24]  At the pleading stage, these allegations permit the inference of punitive damages.[25]  So Defendants' motion to dismiss Banayan's punitive-damages claim is denied.

#### 2. Motion to Strike

Next, Defendants move to strike allegations supporting Banayan's punitive-damages claim.  But I do not find Banayan's allegations redundant, immaterial, impertinent, or scandalous at this stage.  And Defendants have not demonstrated prejudice.  Accordingly, Defendants' motion to strike is denied.

---

[21] *Wincovitch v. Edwin A. Abrahamsen & Assocs.*, No. 3:12-CV-01846, 2013 WL 1909578, at *1 (M.D. Pa. May 8, 2013).
[22] *Id.*
[23] Doc. 1 at ¶ 23.
[24] *Id.* at ¶ 27.
[25] *See Delamarter v. Couglar*, No. 3:16CV665, 2016 WL 3951663, at *3 (M.D. Pa. July 21, 2016) (denying motion to dismiss punitive-damages claim).

## III. CONCLUSION

Defendants' motion to dismiss and to strike is denied. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge